PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* GABRIEL SEGARRA, JR., Defendant and Appellant.

No. 2943.   Argued December 23, 1926.—Decided April 29, 1927.

*José D. Rodríguez* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Gabriel Segarra, Jr., was charged, together with Luis Mercado and Florencio López, with the offense of burglary in the first degree, tried separately and sentenced to two years in the penitentiary.   In his appeal he assigns as errors insufficiency of the evidence and the admission of certain evidence which he alleges to be hearsay.

As the first error was committed, is fundamental and carries with it a reversal of the judgment, it will be unnecessary to consider the second.

The evidence introduced at the trial as summed up by the *Fiscal* of this Supreme Court, is as follows:

"Testimony of the complainant, who is an uncle of the defendant, stating that there were two bags of coffee missing from his warehouse and that, although the warehouse had been locked the night before, he found on the following morning a window open and the two bags of coffee missing.   There was also introduced the testimony of a merchant of Lares stating that he bought said coffee at $24 per hundredweight from two individuals, but that none of them was Gabriel Segarra, the defendant and appellant, whom he only saw on the day of the trial.

"The prosecution also introduced the testimony of the two accessories to the crime and one of them stated that while at a wake the defendant and appellant came to him and proposed to him to go

to his uncle's place, that he was going to take some coffee which they could sell and that he would be satisfied if they gave him eight dollars from the sale of the coffee and that they could keep the remainder; that they then went to the warehouse of the complainant and that the defendant Segarra entered the establishment through a window, took out two bags of coffee and handed them to the two defendants or accessories, and waited until they had sold the coffee to receive his share in the proceeds.

"It must be borne in mind and we call the attention of this court that one of the accomplices, Luis Mercado, testified at the trial that it was not true that the defendant Segarra had taken the coffee out of the warehouse, but on the contrary it was the other co-defendant, Florencio López, who took out the two bags of coffee and both sold it in the town of Lares; that Segarra had no participation in the act nor was he present when it was done.

"In connection with this testimony given by the aforesaid co-defendant the prosecuting attorney called his attention to his testimony given previously in the Municipal Court of Lares where he testified that Segarra had taken out the two bags of coffee and he then ratified the testimony just given stating that his former testimony had been given because he was afraid of his accomplice Florencio López, but that his testimony at the trial was the truth.

"For that reason the prosecuting attorney submitted the former testimony of Mercado given before the municipal judge.

"The evidence of the defendant, in synthesis, tended to show that Segarra was the nephew of the complainant and therefore had authorization from his principal to enter his establishment at any time and even to take the coffee stocked in the shop, because his own father testified that as the coffee belonged to him it also belonged to his son who could dispose of it because he was likewise in charge of his interests."

There is no doubt that Florencio López, the co-defendant who testified at the trial against the appellant after he had been already convicted, is to be considered as an accomplice.

It was thus decided in *People* v. *Robles,* 13 P.R.R. 299, where this court, by Mr. Justice MacLeary, said:

"A witness who has been prosecuted together with the defendant and convicted of the same crime with which the defendant is charged, is an accessory for the purposes of section 253 of the Code of Criminal

Procedure and as such, his testimony must be corroborated by some other evidence which in itself tends to connect the accused with the commission of the crime, and such corroborative evidence is insufficient when it merely tends to show the existence of the *corpus delicti.*"

Was there corroborative evidence? Let us quote again the *Fiscal* of this Supreme Court:

"If we disregard the testimony of accomplice Florencio López there is nothing left in the evidence connecting the defendant with the crime.

"There is no evidence whatever as to the defendant having been seen about the place of the crime at the time of its commission, or as to his having been seen, when the effects were sold, in the company of the accomplices, and, lastly, there is nothing in the evidence to show that the defendant had taken any part in the act, unless it be the testimony of the accomplice himself who testified that the defendant entered the establishment and took out the two bags of coffee."

As the case stands, we have to come to the conclusion that as there is no corroborative evidence of the testimony of the accomplice in the manner required by the jurisprudence, the defendant must be acquitted.